# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| THOMAS SILVERSTEIN, | \| |
| | \| |
| Plaintiff-Appellant, | \| |
| | \| No. 12-1450 |
| v. | \| |
| | \| |
| FEDERAL BUREAU OF PRISONS, et al., | \| |
| | \| |
| Defendants-Appellees. | \| |
| | \| |

On Appeal from the United States District Court for the District of Colorado
The Honorable Philip A. Brimmer
D.C. No. 1:07-cv-02471

**APPELLANT'S PETITION FOR REHEARING EN BANC**

Laura Rovner
Attorney for Plaintiff-Appellant
STUDENT LAW OFFICE
University of Denver College of Law
2255 E. Evans Avenue
Denver, CO 80208
Tel: 303.871.6441
Fax: 303.871.6847

## TABLE OF CONTENTS

STATEMENT PURSUANT TO F.R.A.P. 35(b) ............................................... 1

BACKGROUND .............................................................................................. 1

ARGUMENT ................................................................................................... 2

    I.   The panel failed to credit evidence demonstrating that Appellant is suffering harm from his 32 years in solitary confinement, and improperly resolved this issue in favor of the movant. ............................................................................ 3

    II.   The panel failed to credit Appellant's evidence showing that he faces a substantial risk of serious harm from being held IN solitary confinement for 32 years. ................................................................................................................. 7

    III.   In holding that the BOP did not disregard the risk of harm to Mr. silverstein, the panel credited the evidence of the movant and failed to acknowledge key evidence offered by Mr. Silverstein. ..................................................... 10

    IV.   The panel failed to consider appellant's evidence regarding his future dangerousness and improperly resolved this issue in favor of the moving party. . 11

CONCLUSION ............................................................................................. 14

CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT ............................ 15

CERTIFICATE OF DIGITAL SUBMISSION .............................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) ........................... 2, 3, 10, 12

*Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) .............................8

*Brown v. Plata*, 131 S.Ct. 1910, 1942 (2011) ................................................ 15

*Colwell v. Johnson*, 209 Fed. Appx. 784 (10th Cir. 2006)....................................3

*Craig v. Eberly*, 164 F.3d 490 (10th Cir. 1998)................................................3

*DeSpain v. Uphoff*, 264 F.3d 965 (10th Cir. 2001)............................................3

*Farmer v. Brennan*, 511 U.S. 825, 845 (1994).................................................8

*Galbreath v. City of Oklahoma City*, 2014 WL 2598657 (10th Cir., June 11, 2014). 3, 10

*Griffin v. Gomez*, 741 F.3d 10 .................................................................. 14

*Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) ..............................................8

*Jackson v. Meachum*, 699 F.2d 578 (1st Cir. 1983). ..........................................7

*Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) ..................................8

*Silverstein v. Federal Bureau of Prisons*, --- Fed. Appx. ---, 2014 WL 2119212 (10th Cir. May 22, 2014) ................................................................................ *passim*

*Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008)..............................................3

*Thomas v. Nugent*, ____ S.Ct. ____, 2014 WL 235065 (2014) ..............................3

*Tolan v. Cotton*, 572 U.S. _____, 134 S.Ct. 1861 (May 5, 2014).................... *passim*

*US v. Mills,* 704 F.2d 1553 ....................................................................... 14

Appellant respectfully seeks en banc review of this Court's unpublished opinion in *Silverstein v. Federal Bureau of Prisons*, --- Fed. Appx. ---, 2014 WL 2119212 (10th Cir. May 22, 2014).

## STATEMENT PURSUANT TO F.R.A.P. 35(b)

En banc consideration is necessary to secure and maintain uniformity of this Court's decisions with Supreme Court and Tenth Circuit precedent. The panel decision conflicts with the Supreme Court's decision in *Tolan v. Cotton*, 572 U.S. ___, 134 S.Ct. 1861 (May 5, 2014) as well as other Supreme Court and Tenth Circuit precedent regarding the standard for summary judgment under Fed. R. Civ. P. 56.

## BACKGROUND

In this case, Appellant claims that the BOP's continuing to hold him in extreme solitary confinement for over thirty years and counting violates his Eighth Amendment right to be free from cruel and unusual punishment. In 2011, the district court granted the BOP's motion for summary judgment and dismissed Mr. Silverstein's claims. Mr. Silverstein appealed, asserting that the district court had misapplied the summary judgment standard by failing to view the evidence in the light most favorable to him as the non-moving party, and by improperly resolving disputed issues of fact in favor of the movant.

On appeal, the panel affirmed the district court's grant of summary judgment. In so doing, the panel misapplied the summary judgment standard by "failing to credit evidence that

1

contradicted some of its key factual conclusions," and by "improperly weigh[ing] the evidence and resolv[ing] disputed issues in favor of the moving party." *Tolan v. Cotton*, at 1866, citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

## ARGUMENT

### THE PANEL DECISION CONFLICTS WITH SUPREME COURT AND TENTH CIRCUIT PRECEDENT REGARDING THE STANDARD FOR SUMMARY JUDGMENT.

Mr. Silverstein respectfully requests en banc review of the panel decision because that decision employs a standard for summary judgment that is inconsistent with that of the Supreme Court and other decisions of this circuit.

Just two months ago, the Supreme Court twice took the occasion to remind lower courts that "in ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (per curiam) (citing and quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). *See also Thomas v. Nugent*, ___ S.Ct. ___, 2014 WL 235065 (2014) (summarily vacating and remanding for reconsideration of decision granting qualified immunity in light of *Tolan, supra*.).

In *Tolan*, the Court reiterated that it is reversible error for a court to weigh the evidence or resolve any disputed issues in favor of the moving party. *Id.* at *5. A district court may not credit the evidence of the party seeking summary judgment and ignore evidence offered by the

nonmovant. *Id.* at *6. Thus, reaching factual inferences that conflict with the non-movant's evidence is contrary to the "fundamental principle that, at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." *Id*. The reason for this long-standing principle is that "witnesses on both sides come to [the] case with their own perceptions, recollections, and even potential biases. It is in part for that reason that genuine disputes are generally resolved by juries in our adversarial system." *Id.*

In other cases, the Tenth Circuit has adhered to these same principles, and has reversed district court decisions that have failed to do so. *See, e.g.*, *Galbreath v. City of Oklahoma City*, 2014 WL 2598657 (10th Cir., June 11, 2014); *Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008); *DeSpain v. Uphoff*, 264 F.3d 965 (10th Cir. 2001); *Craig v. Eberly*, 164 F.3d 490 (10th Cir. 1998); *Colwell v. Johnson*, 209 Fed. Appx. 784 (10th Cir. 2006).

Nevertheless, in the instant decision, the panel violated these precepts. By weighing the evidence and reaching factual inferences contrary to Mr. Silverstein's competent evidence, the panel neglected to adhere to the Supreme Court's admonition that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party.

**I.     THE PANEL FAILED TO CREDIT EVIDENCE DEMONSTRATING THAT APPELLANT IS SUFFERING HARM FROM HIS 32 YEARS IN SOLITARY CONFINEMENT, AND IMPROPERLY RESOLVED THIS ISSUE IN FAVOR OF THE MOVANT.**

First, the panel misapplied the summary judgment standard in concluding as a matter of law that Mr. Silverstein is not suffering harm from his three decades in solitary confinement. In

its decision, the panel expressly found that "the BOP did not dispute Mr. Silverstein's expert evidence that individuals in solitary confinement have experienced symptoms of appetite and sleep disturbances, anxiety, panic, paranoia, hallucinations, self-mutilations, hypersensitivity, cognitive dysfunction, hopelessness, suicidal ideation, and withdrawal." *Silverstein* at *4. The panel also found that the BOP did not dispute that "Mr. Silverstein has psychiatric or mental issues, agreeing he: (1) had no prior mental health history but now has been diagnosed with anxiety disorder and tested positive for cognitive impairment; (2) reported various symptoms of psychological distress to BOP officials over the years, including hopelessness, troubles with concentration, memory loss, and depression, and that BOP staff noted these symptoms and attributed many of them to his isolation and other conditions of confinement." *Id.*

Additionally, the panel observed that "as a result of such social isolation and lack of environmental stimulation, he claims he developed an anxiety disorder, suffers from depression, sleep deprivation, and despair, and is experiencing memory loss and likely cognitive impairment – all conditions which he says he has been complaining of for over 20 years." *Id.* at *8.

Yet despite these findings and observations, the panel concluded that there was no triable issue of fact as to whether Mr. Silverstein's three decades in solitary confinement are a "sufficiently serious" condition within the meaning of the Eighth Amendment. It did so because it failed to view the evidence at summary judgment in the light most favorable to Mr.

Silverstein, the non-moving party. In addition to disregarding the same facts it recited earlier, the panel also ignored record evidence that contradicted its own conclusions.

First, it found, contrary to the evidence, that "all the experts involved indicate Mr. Silverstein's symptoms of anxiety, memory loss, cognitive impairment, and depression are currently mild or, as otherwise stated, he has no major mental health issues." *Id*. at 37. This conclusion ignores the expert opinion of Dr. Craig Haney, who testified to the contrary in his declaration. Dr. Haney opined that "the evidence showed that Mr. Silverstein suffered, and continues to suffer, numerous forms of psychological harm. That harm includes, inter alia, pain and distress, extreme anxiety, sleeplessness, despair and hopelessness, depression, inability to concentrate, and cognitive impairment." Haney Decl., 001073. Dr. Haney also stated that "[t]he record shows . . . that Mr. Silverstein has repeatedly expressed difficulty in performing daily tasks such as concentrating, learning, sleeping, and thinking, and that he has done so over a period of decades." *Id*. at 001074.

The panel decision also disregards the evidence of Dr. Friedman, another psychological expert, who opined that in his experience, prisoners typically under-report distressing psychological symptoms "because they do not want to appear or be perceived as weak or vulnerable." Nevertheless, Dr. Friedman noted that Mr. Silverstein had reported the following harms he has experienced while in segregation: "memory deficits, chronic fatigue, poor motivation, hypersensitivity to sound, panic attacks, inability to concentrate, paranoia, despair

5

and hopelessness, feelings of humiliation, dizziness, tremors, extreme anxiety, perceptual distortions, claustrophobia, chronic depression with accompanying suicidal ideation and trauma." Friedman Decl., 001618.

Second, the panel held that a reasonable fact-finder could not conclude that Mr. Silverstein's 30 years in isolation are not "sufficiently serious" because of its determination that even if Mr. Silverstein has suffered harm, "he has not and none of the experts have definitively stated any of his mental health symptoms have been caused by the conditions or duration of his segregated confinement." *Silverstein* at *15. This decision takes the summary judgment standard and stands it on its head—the lack of definitive proof of harm is not the standard.

A reasonable factfinder could conclude, consistent with the testimony of Dr. Friedman, Dr. Haney, and Dr. Williams, that "the chronic isolation in which Mr. Silverstein is and has been held is an extreme stressor on him and these conditions likely exacerbate many of his symptoms, including anxiety, despair, paranoia, and pain and suffering," and that "[i]solation may be also associated with cognitive impairment, and [that] his conditions of confinement are likely causing or exacerbating his indicated memory loss." Friedman Decl., at 001619.

Instead, the panel offered its own theory – unsupported by the record evidence – for the cause of Mr. Silverstein's anxiety disorder, depression, and other psychological harms, concluding that "the inevitable byproduct of anyone facing a long sentence, even if they are not in solitary or segregated confinement, may include "depression, hopelessness, frustration, and

6

other psychological states." *Silverstein* at *14, citing *Jackson v. Meachum*, 699 F.2d 578 (1st Cir. 1983). In making this determination, the panel failed to credit evidence that contradicted some of its key factual conclusions and resolved disputed issues in favor of the party seeking summary judgment.

## II. THE PANEL FAILED TO CREDIT APPELLANT'S EVIDENCE SHOWING THAT HE FACES A SUBSTANTIAL RISK OF SERIOUS HARM FROM BEING HELD IN SOLITARY CONFINEMENT FOR 32 YEARS.

The panel decision also improperly resolved factual issues in favor of the moving party when it held that there was no triable issue of fact as to whether Mr. Silverstein's decades-long isolation puts him at substantial risk of future harm, especially as he ages.

Both the Supreme Court and the Tenth Circuit have held that the objective prong of the Eighth Amendment is satisfied if a prisoner is placed at a substantial risk of serious harm in the future; a prisoner "seeking a remedy for unsafe conditions [need not] await a tragic event" before obtaining relief. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994), quoting *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) ("There is no requirement that an inmate suffer serious medical problems before the condition is actionable"). Further, the Supreme Court and this Circuit have specifically rejected the notion that "only deliberate indifference to *current* serious health problems of inmates is actionable." *Helling*, 509 U.S. at 33 (emphasis added); *see also Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (finding that "the argument that mere risk is insufficient to

establish the objective component of an Eighth Amendment violation" is precisely what the Supreme Court rejected in *Helling*).

Mr. Silverstein put forth sufficient evidence for a reasonable factfinder to conclude that if the BOP continues to hold him in solitary confinement for over three decades, he is at substantial risk of further serious harm to his mental health, including the risk of further deterioration of his memory and cognitive functioning. Specifically, Dr. Williams, a geriatrician, screened Mr. Silverstein for memory impairment and concluded that he had "an abnormal result" which "indicates that cognition is an area of concern and needs further testing by a specialist (neuropsychiatric testing)." She offered the undisputed opinion that "[m]emory impairment can increase the risk of falls, morbidity, and mortality," and that "[t]hese risks become increasingly common and more serious as one ages." Williams Decl. at 001343. She also testified that "memory impairment could be directly caused by Mr. Silverstein's conditions of confinement, since isolation, sensory deprivation, and loneliness can lead to memory problems. In addition, these conditions could exacerbate memory impairment." *Id*. The panel did not credit (or even discuss) this evidence, in direct contravention to the Supreme Court's mandate that "in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed" and that courts "may not credit the evidence of the party seeking summary judgment and ignore evidence offered by the nonmovant." *Tolan* at \*6.

The panel also refused to credit the extensive – and near universal – research that extended solitary confinement places a person at grave risk of psychological harm. Dr. Haney summarized this voluminous body of research, which supports the common-sense point that extended solitary confinement results in numerous psychological harms, including deep emotional disturbances that can lead to an increase in suicidal thoughts, self-mutilation, depression, anxiety, pain, and suffering. Haney Rpt., 001116-32. Dr. Haney's report also references research correlating solitary confinement with depressed brain function, where EEG changes in the brain were observed after only seven days in isolation. Haney Decl., 001065. The reasonableness of inferring that other prisoners – including Mr. Silverstein – are at risk of suffering these harms is demonstrated by the position statements of a broad range of professional psychiatric and psychological associations as well as international human rights bodies denouncing the use of prolonged and indefinite solitary confinement. *See* 001695-1845.

Rather than viewing this evidence in the light most favorable to the non-movant, the panel instead resolved the factual issue of whether Mr. Silverstein is at substantial risk of future harm in favor of the BOP, concluding that "Mr. Silverstein's symptoms have been described by all the experts as mild and he has access to medical treatment and medications so that, *arguably*, he has failed to show he is at a substantial or excessive risk of serious harm or that he is comparable to inmates in the generalized studies relied on by his experts." *Silverstein* at *17, *emphasis added*. On its face, the panel's analysis points to denying summary judgment, not

granting it. If a reasonable factfinder "arguably" could conclude that Appellant is not at substantial risk of future harm, then a factfinder could also "arguably" conclude that he is. *See Galbreath v. City of Oklahoma City*, 2014 WL 2598657 (10th Cir., June 11, 2014) (reversing summary judgment in light of *Tolan* and the presence of genuine issues of material fact). In so holding, the panel violated the "general rule that "a judge's function at summary judgment is not 'to weigh the evidence and determine the truth of the matter, but to determine whether there is an issue for trial.'" *Tolan*, 134 S.Ct. at 1866, citing *Anderson*, 477 U.S. at 249.

### III. IN HOLDING THAT THE BOP DID NOT DISREGARD THE RISK OF HARM TO MR. SILVERSTEIN, THE PANEL CREDITED THE EVIDENCE OF THE MOVANT AND FAILED TO ACKNOWLEDGE KEY EVIDENCE OFFERED BY MR. SILVERSTEIN.

In analyzing the subjective element of Appellant's Eighth Amendment claim, the panel similarly violated *Tolan*'s prohibition against "reaching factual inferences that conflict with the non-movant's evidence." *Id.* at *6. While the panel correctly articulated the legal standard ("subjective component is met if the prisoner shows the defendants 'knew he faced a substantial risk of harm and disregarded that risk' by failing to take reasonable measures to abate it") (*Silverstein* at *12), it once again improperly "credit[ed] the evidence of the movant and ignore[d] evidence offered by the non-movant." *Tolan* at *6.

Specifically, the panel concluded that the BOP is not acting with deliberate indifference because it has "evaluated" Mr. Silverstein "at least 49 times" since he arrived at ADX. *Silverstein* at *17, n. 20. But that conclusion ignores competent evidence by Dr. Friedman, another

10

mental health expert, in the form of his declaration in which he testifies that there is no indication that Mr. Silverstein has "ever been given a comprehensive psychological evaluation" by the BOP; that "as Mr. Silverstein was being held in chronic isolation for more than a quarter of a century, it is [his] opinion that at least one, and likely more, comprehensive psychological evaluations should have been conducted," that "a comprehensive examination would be necessary to sufficiently determine any mental health concerns or cognitive impairments," and that "periodic reviews of the type provided by the Bureau of Prisons, even if conducted regularly, could not fulfill the role of a comprehensive examination." Friedman Decl., 001617.

The other basis for the panel's conclusion that the BOP has not been deliberately indifferent is its determination that the BOP "has significantly improved the conditions of [Mr. Silverstein's] solitary confinement from the conditions he endured at other facilities." *Silverstein* at *17. But this conclusion ignores record evidence from which a reasonable factfinder could conclude that Mr. Silverstein's conditions at the ADX are the "classic" solitary confinement conditions denounced by mental health organizations and international human rights bodies (Haney Decl., 001114, 001116) and that Appellees remain deliberately indifferent to the risk of serious harm to Appellant by holding him in those conditions for over three decades.

IV. **THE PANEL FAILED TO CONSIDER APPELLANT'S EVIDENCE REGARDING HIS FUTURE DANGEROUSNESS AND IMPROPERLY RESOLVED THIS ISSUE IN FAVOR OF THE MOVING PARTY.**

Finally, the panel once again "failed to credit evidence that contradicted some of its key factual conclusions" with respect to the issue of Appellant's future dangerousness. *Anderson*, 477 U.S. at 249. For example, the panel did not discuss nor reference the opinions offered by Dr. Friedman, who conducted an evaluation of Mr. Silverstein and opined that "[b]ased on my review of the record and interviews with Mr. Silverstein, I concluded that he presents a low risk of future violence, even if he is moved to less isolated conditions." Friedman Decl., 001621. Dr. Friedman further explained the bases for his opinion – none of which was contested by the BOP: "A large part of my risk assessment is based on Mr. Silverstein's age. It is widely acknowledged that age is the best predictor of future dangerousness, regardless of an individual's prior behavior. Mr. Silverstein's current age of 59 [now 62] places him in a low risk of violence category as determined by the research conducted on prison populations." *Id*. at 001621.

Dr. Friedman also explained that "there is no evidence over the past 25 years that Mr. Silverstein has ever been non-compliant, verbally aggressive, or threatened violence against anyone. As recent past behavior is another important indicator included in a risk assessment, this also places Mr. Silverstein into the category of low risk of future violence." Friedman Decl. 001621. Finally, both Dr. Friedman and Mr. Silverstein himself proffered testimony regarding "Mr. Silverstein's acceptance of responsibility and expression of remorse for his past actions." Id. at 001622; Silverstein Decl. at 002313-15.)

In direct contravention of *Tolan* and other Tenth Circuit precedent, the panel completely ignored this evidence. Instead, it improperly credited the evidence of the moving party, which it characterized as "undisputed, chilling facts as to how the Aryan Brotherhood operates," and the BOP's "reasonable belief that a substantial security risk exists with regard to [Mr. Silverstein] and others if he is no longer segregated." *Silverstein* at *18. To further shore up its factual conclusions, the panel went beyond the record and imported information about the Aryan Brotherhood and Mr. Silverstein from other cases, improperly relying on this information to resolve a disputed issue in favor of the moving party.[1] In so doing, the panel failed to view the evidence at summary judgment in the light most favorable to Mr. Silverstein, as required by Supreme Court and Tenth Circuit law.

The panel justifies its decision to credit the movant's evidence to the exclusion of Mr. Silverstein's by adopting an overly-broad interpretation of the deference owed to prison officials in Eighth Amendment challenges to conditions of confinement: "we defer to the BOP's judgment that accommodating Mr. Silverstein's demands by releasing him into the open prison population or transferring him to a less secure facility would impair its ability to protect all

---

[1] *See, e.g.*, *Silverstein* at *3, n. 5 (citing *US v. Mills,* 704 F.2d 1553 (11th Cir. 1983) – "while Mr. Silverstein was not convicted of these two murders, they nevertheless are indicative of the type of gang conduct the BOP believes Mr. Silverstein is involved in"); *Silverstein* at *5, 19 (using facts from *Griffin v. Gomez*, 741 F.3d 10 (9th Cir. 2014) to resolve factual issues in favor of BOP).

who are inside the prison's walls . . . . This is a considered choice for which we should not substitute our judgment." *Silverstein* at \*20.

Such an interpretation not only conflicts with Supreme Court and Tenth Circuit caselaw regarding the appropriate standard for summary judgment, taken to its conclusion – as the panel does here – also effectively removes such conditions from judicial review. In navigating this balance, the Supreme Court recently held that such inquiries "necessarily involve difficult predictive judgments regarding the likely effects of court orders. Although these judgments are normally made by state officials, they necessarily must be made by courts when those courts fashion injunctive relief to remedy serious constitutional violations in the prisons. The questions are difficult and sensitive, but they are factual questions, and should be treated as such." *Brown v. Plata*, 131 S.Ct. 1910, 1942 (2011).

## **CONCLUSION**

For the foregoing reasons, the Court should grant rehearing en banc.

Respectfully submitted this 7th day of July, 2014,

>s/ Laura Rovner
>Laura Rovner
>STUDENT LAW OFFICE
>University of Denver College of Law
>2255 E. Evans Avenue
>Denver, CO  80208
>Tel:  303.871.6441
>Fax:  303.871.6847
>Counsel for Plaintiff/Appellant

## CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT

Undersigned counsel certifies that this petition complies with the page limit set forth in FRAP 35(b)(2) as it does not exceed 15 pages.

                                                    s/ Laura Rovner
                                                    Laura Rovner

## CERTIFICATE OF DIGITAL SUBMISSION

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or Scanned PDF Format is an exact copy of the written document filed with the Clerk, and the digital submissions have been scanned for viruses with the virus scanning program, McAfee, and according to the program, is free of viruses.

                                                    s/ Laura Rovner
                                                   Laura Rovner

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Juan.villasenor@usdoj.gov
    Marcy.cook@usdoj.gov

                                                    s/ Laura Rovner
                                                   Laura Rovner